## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| v. | : | |
| D.C. AIR & SEAFOOD, INC.; | : | Mag No. 11-6213 ~~(MSS)~~ MAS |
| CHRISTOPHER BYERS; | | |
| GEORGE BAMFORD; | : | |
| ROBERT E. HERSEY, JR.; | | |
| DANIEL MAHONEY; and | : | |
| MICHAEL MCKENNA | : | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

SEE ATTACHMENT A

I further state that I am a Special Agent with the National Oceanic and Atmospheric Administration, Office of Law Enforcement, and that this Criminal Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Anthony Forestiere, Special Agent
National Oceanic and Atmospheric
   Administration, Office of Law
   Enforcement

Sworn to before me and subscribed in my presence,
on December 16, 2011, at Newark, New Jersey

HONORABLE MICHAEL S. SHIPP      _____
UNITED STATES MAGISTRATE JUDGE    Signature of Judicial Officer

ATTACHMENT A

From in or about March 2007 through in or about March 2008, in Atlantic County, in the District of New Jersey, and elsewhere, defendants

D.C. AIR & SEAFOOD, INC.;
CHRISTOPHER BYERS;
GEORGE BAMFORD;
ROBERT E. HERSEY, JR.;
DANIEL MAHONEY; and
MICHAEL MCKENNA

did knowingly and intentionally conspire and agree with each other and others to commit offenses against the United States by:

(1) knowingly making and submitting, and causing to be made and submitted, a false record, account, and label for, and false identification, that is a Fishing Vessel Trip Report, of fish or wildlife, that is Atlantic Sea Scallops, having a market value greater than $350, that had been and was intended to be transported in interstate commerce, and that involved the sale and purchase, the offer of sale and purchase, and the intent to sell and purchase fish or wildlife, contrary to Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A);

(2) knowingly altering, destroying, mutilating, concealing, covering up, falsifying, and making false entries in a record, that is a Fishing Vessel Trip Report, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter, and in relation to and contemplation of such a matter, within the jurisdiction of the National Oceanic and Atmospheric Administration, an agency of the United States, contrary to Title 18, United States Code, Section 1519;

In furtherance of the conspiracy and to effect its unlawful objects, the above-listed defendants and their co-conspirators committed and caused to be committed the overt acts, among others, set forth in Attachment B below.

In violation of Title 18, United States Code, Section 371.

ATTACHMENT B

I, Anthony Forestiere, am a Special Agent with the National Oceanic and Atmospheric Administration, Office of Law Enforcement ("NOAA"). I have knowledge of the facts set forth herein through my personal participation in this investigation and through oral and written reports from other federal agents or other law enforcement officers. Where statements of others are set forth herein, these statements are related in substance and in part. Because this Criminal Complaint is being submitted for the limited purpose of showing there is probable cause to believe that the defendants have committed the offenses set forth in Attachment A, I have not set forth every fact that I know or other law enforcement officers know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

**The Defendants and Other Parties**

At various times relevant to this Criminal Complaint:

1. DEFENDANT D.C. AIR & SEAFOOD, INC., was a company formed under the laws of Maine, with its principal place of business in Winter Harbor, Maine. D.C. Air & SEAFOOD, INC., was in the business of, among other things, purchasing and selling seafood, including Atlantic Sea Scallops (hereinafter, "scallops"), on a wholesale basis.

2. DEFENDANT CHRISTOPHER BYERS was a United States citizen residing in or near Winter Harbor, Maine. DEFENDANT CHRISTOPHER BYERS was an owner and officer of the following three companies: DEFENDANT D.C. AIR & SEAFOOD, INC.; D.C. Air Marine Division; a fishing business; and D.C. Air Freight Division, a trucking business. DEFENDANT CHRISTOPHER BYERS owned the Fishing Vessel (hereinafter, "F/V") Undaunted and the F/V EZ Rider.

3. DEFENDANT GEORGE BAMFORD was a United States citizen residing in or near Harrington, Maine. DEFENDANT GEORGE BAMFORD possessed a NOAA Commercial Vessel Operator Permit and was the operator of the F/V Undaunted.

4. DEFENDANT ROBERT E. HERSEY, JR., was a United States citizen residing in or near Harpswell, Maine. DEFENDANT ROBERT E. HERSEY, JR., possessed a NOAA Commercial Vessel Operator Permit and was the owner and operator of the F/V Luke & Isabel.

5.   DEFENDANT DANIEL MAHONEY was a United States citizen residing in or near Gloucester, Massachusetts. DEFENDANT DANIEL MAHONEY possessed a NOAA Commercial Vessel Operator Permit and was the owner and operator of the F/V Moonraker.

6.   DEFENDANT MICHAEL MCKENNA was a United States citizen residing in or near Steuben, Maine. DEFENDANT MICHAEL MCKENNA possessed a NOAA Commercial Vessel Operator Permit and was the operator of the F/V EZ-Rider.

7.   A co-conspirator, hereinafter identified as "CC1" and not named as a defendant herein, was a United States citizen residing in or near Milbridge, Maine. CC1 possessed a NOAA Commercial Vessel Operator Permit and was the operator of the F/V Atlantic Hostage, a vessel owned by D.C. Air Marine Division.

8.   A co-conspirator, hereinafter identified as "CC2" and not named as a defendant herein, was a United States citizen residing in or near Milbridge, Maine. CC2 possessed a NOAA Commercial Vessel Operator Permit and was the operator of the F/V Promise Land, a vessel owned by D.C. Air Marine Division.

**Background Regarding the Elephant Trunk Access Area**

9.   The Elephant Trunk Access Area (hereinafter, the "ETAA") is a large sea scallop fishing ground off the mid-Atlantic coast southeast of the Delaware Bay, and is part of NOAA's National Marine Fisheries Service ("NMFS") Atlantic Sea Scallop Fishery Management Plan. It covers more than 1,000 square nautical miles and has contained one of the highest densities of scallops in the northeast region. From July 2004 to March 2007, it was closed to fishing as part of an area rotation management program to rebuild the scallop population in that area. When it re-opened on March 1, 2007 for approximately two weeks until March 15, 2007, scallops were allocated for fishing by "open access general category" permit[1] vessels (hereinafter, the "2007 opening period"). Such vessels were permitted to

---

[1] "Open access general category" is a type of federal permit for small-scale scallop fishing vessels or vessels holding non-scallop fishing permits that harvest scallops incidental to their fishing catch.

3

harvest only 400 pounds[2] of scallops per trip (hereinafter, the "400 pound limit").

10. In 2008, the ETAA was opened again to fishing by the general category scallop fleet on March 1, 2008 and closed on March 13, 2008 (hereinafter, the "2008 opening period"). "Open access general category" fishing vessels that harvested scallops in the ETAA during the 2008 opening period were again restricted to the 400 pound limit.

11. The F/V Undaunted, F/V EZ Rider, F/V Luke & Isabel, and F/V Moonraker each had been issued an "open access general category" NOAA Northeast Federal Fishing Permit, which authorized these vessels to harvest a maximum of 400 pounds of scallops per trip in the ETAA during the 2007 opening period.

12. The F/V Undaunted, F/V EZ Rider, F/V Luke & Isabel, F/V Atlantic Hostage, and F/V Promise Land each had been issued an "open access general category" NOAA Northeast Federal Fishing Permit, which authorized these vessels to harvest a maximum of 400 pounds of scallops per trip in the ETAA during the 2008 opening period.

13. DEFENDANT D.C. AIR & SEAFOOD, INC., possessed a NOAA Northeast Federal Dealer Permit in 2007 and 2008, which authorized the company to purchase scallops, among other marine species, from federally permitted vessels for those years.

14. NOAA regulations required that the owner or operator of any vessel issued a federal permit for scallops, or other listed species, submit an accurate fishing log report, on a form supplied by NOAA called a Fishing Vessel Trip Report, detailing the fishing activity for each vessel trip taken, regardless of the species fished for or taken and regardless of the area fished. Fishing Vessel Trip Reports are used by NOAA to manage the Atlantic Sea Scallop Fishery. A hard copy of the Fishing Vessel Trip Report had to be submitted to the NMFS by the 15th of the month following the month from which the trip landed. It also had to be signed, under penalties of perjury, and dated.

---

[2] Scallop weights are determined by volumetric measurements. Harvested scallops are transferred from buckets into muslin bags, each of which is designed to weigh a certain amount when packed with scallops. For instance, a 50 pound bag of scallops when fully packed will usually weigh approximately 50 pounds.

4

**Object of the Conspiracy**

15. It was the object of the conspiracy for DEFENDANTS D.C. AIR & SEAFOOD, INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; ROBERT E. HERSEY, JR.; DANIEL MAHONEY; MICHAEL MCKENNA; CC1; CC2; and others, to falsify Fishing Vessel Trip Reports for submission to NOAA for the purpose of both concealing the harvesting of scallops over the 400 pound limit in the ETAA, as well as to impede, obstruct and influence the proper administration of a matter within the jurisdiction of NOAA.

**Manner and Means of the Conspiracy**

16. It was a part of the conspiracy that DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; DANIEL MAHONEY; and MICHAEL MCKENNA, who were operating the F/V Undaunted, F/V Luke & Isabel, F/V Moonraker, and F/V EZ Rider, respectively, on numerous occasions, harvested more than the 400 pound limit in the ETAA during the 2007 opening period.

17. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS received, in or near Atlantic City, New Jersey, for the purpose of purchase and re-sale to wholesale seafood dealers, scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; DANIEL MAHONEY; and MICHAEL MCKENNA, as referenced in Paragraph 16.

18. It was further a part a conspiracy DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS sold scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; DANIEL MAHONEY; and MICHAEL MCKENNA, as referenced in Paragraph 16, to wholesale seafood dealers located outside the State of New Jersey for approximately $6.00 per pound.

19. It was further a part of the conspiracy that DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; DANIEL MAHONEY; and MICHAEL MCKENNA falsified Fishing Vessel Trip Reports for submission to NOAA to reflect that only the 400 pound limit had been harvested on certain trips from the F/V Undaunted, F/V Luke & Isabel, F/V Moonraker, and F/V EZ Rider, respectively, in the ETAA during the 2007 opening period, when in fact more than the 400 pound limit had been harvested on those trips.

20. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS maintained records at DEFENDANT D.C. AIR & SEAFOOD, INC., which

were not submitted to NOAA, that reflected actual amounts of scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR; DANIEL MAHONEY; and MICHAEL MCKENNA, as referenced in Paragraph 16.

21. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; MICHAEL MCKENNA; CC1; CC2; and others, constructed hidden compartments in vessels for the purpose of concealing the harvesting of scallops over the 400 pound limit in the ETAA during the 2008 opening period.

22. It was further a part of the conspiracy that DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; MICHAEL MCKENNA; CC1; and CC2, who were operating the F/V Undaunted; the F/V Luke & Isabel; the F/V EZ Rider; the F/V Atlantic Hostage; and the F/V Promise Land, respectively, and at the direction of DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS, on numerous occasions, harvested more than the 400 pound limit in the ETAA during the 2008 opening period.

23. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS received in or near Atlantic City, New Jersey, for purposes of purchase and re-sale to wholesale seafood dealers, scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; MICHAEL MCKENNA; CC1; and CC2, as referenced in Paragraph 22.

24. It was further a part a conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC. and CHRISTOPHER BYERS sold scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; MICHAEL MCKENNA; CC1; and CC2, as referenced in Paragraph 22, to wholesale seafood dealers located outside the State of New Jersey for approximately $6.00 per pound.

25. It was further a part of the conspiracy that DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR.; MICHAEL MCKENNA; CC1; and CC2 falsified Fishing Vessel Trip Reports for submission to NOAA to reflect that only the 400 pound limit had been harvested on certain trips from the F/V Undaunted; the F/V Luke & Isabel; the F/V EZ Rider; the F/V Atlantic Hostage; and the F/V Promise Land, respectively, in the ETAA during the 2008 opening period, when in fact more than the 400 pound limit had been harvested on those trips.

26. It was further a part of the conspiracy that CC1 and CC2, to conceal scallops harvested over the 400 pound limit during the 2008 opening period, secreted them in hidden compartments on board the F/V Atlantic Hostage and F/V Promise Land, respectively.

27. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; ROBERT E. HERSEY, JR.; MICHAEL MCKENNA; CC1; CC2; and others, for the purpose of concealing scallops harvested over the 400 pound limit, as referenced in Paragraph 22, offloaded scallops from vessels, in or near Atlantic City, New Jersey, during nighttime hours.

28. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; ROBERT E. HERSEY, JR; MICHAEL MCKENNA; CC1; CC2; and others, for the purpose of concealing scallops harvested over the 400 pound limit, as referenced in Paragraph 22, offloaded scallops from vessels into two trucks, used by DEFENDANTS D.C. AIR & SEAFOOD, INC., and DEFENDANT CHRISTOPHER BYERS to transport the scallops, for the purpose of limiting the amount of scallops in each truck to 400 pounds or less.

29. It was further a part of the conspiracy that, DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS, for the purpose of concealing scallops harvested over the 400 pound limit, maintained records, which would not have been submitted to NOAA, that reflected the actual amounts of scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR; MICHAEL MCKENNA; CC1 and CC2, as referenced in Paragraph 22.

30. It was further a part of the conspiracy that DEFENDANTS D.C. AIR & SEAFOOD, INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; MICHAEL MCKENNA; and CC1 falsely denied harvesting more than the 400 pound limit during the 2008 opening period when questioned by law enforcement, for the purpose of concealing scallops harvested over the 400 pound limit.

**Overt Acts**

31. In furtherance of this conspiracy and to effect the objectives thereof, DEFENDANTS D.C. AIR & SEAFOOD INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; ROBERT E. HERSEY, JR.; DANIEL MAHONEY; MICHAEL MCKENNA; CC1; CC2; and others, committed and caused to be committed the following overt acts, among others, within the District of New Jersey, and elsewhere:

a. In connection with the harvesting of scallops on approximately twelve occasions from in or about March 1, 2007 to in or about March 15, 2007, in the ETAA from the F/V Undaunted, Fishing Vessel Trip Reports were prepared bearing the name of DEFENDANT GEORGE BAMFORD. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
| --- | --- | --- |
| 3/1/07 | 501 | 400 |
| 3/2/07 | 910 | 400 |
| 3/4/07 | 1041 | 400 |
| 3/5/07 | 452 | 400 |
| 3/8/07 | 975 | 400 |
| 3/9/07 | 910 | 400 |
| 3/10/07 | 851 | 400 |
| 3/11/07 | 684 | 400 |
| 3/12/07 | 928 | 400 |
| 3/13/07 | 877 | 400 |
| 3/14/07 | 990 | 400 |
| 3/15/07 | 900 | 400 |

b. In connection with the harvesting of scallops on approximately six occasions from in or about March 1, 2007 to in or about March 12, 2007, in the ETAA from the F/V Luke & Isabel, Fishing Vessel Trip Reports were prepared bearing the name of DEFENDANT ROBERT E. HERSEY, JR. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

8

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
|---|---|---|
| 3/1/07 | 486 | 400 |
| 3/3/07 | 438 | 400 |
| 3/9/07 | 417 | 400 |
| 3/10/07 | 421 | 400 |
| 3/11/07 | 522 | 400 |
| 3/12/07 | 569 | 400 |

   c. In connection with the harvesting of scallops on approximately nine occasions from in or about March 1, 2007 to in or about March 15, 2007, in the ETAA from the F/V Moonraker, Fishing Vessel Trip Reports were prepared bearing the name of DEFENDANT DANIEL MAHONEY.  These Fishing Vessel Trip Reports each reflect that only the 400 pound limit or less had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
|---|---|---|
| 3/1/07 | 425 | 390 |
| 3/2/07 | 498 | 395 |
| 3/3/07 | 439 | 390 |
| 3/7/07 | 544 | 390 |
| 3/9/07 | 543 | 400 |
| 3/10/07 | 526 | 385 |
| 3/12/07 | 902 | 390 |
| 3/14/07 | 917 | 400 |
| 3/15/07 | 417 | 400 |

   d. In connection with the harvesting of scallops on approximately ten occasions from in or about March 2, 2007 to in or about March 15, 2007, in the ETAA from the F/V EZ Rider, Fishing Vessel Trip Reports were prepared bearing the name of

9

DEFENDANT MICHAEL MCKENNA.  These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
|---|---|---|
| 3/2/07 | 718 | 400 |
| 3/4/07 | 1101 | 400 |
| 3/5/07 | 422 | 400 |
| 3/8/07 | 969 | 400 |
| 3/10/07 | 466 | 400 |
| 3/11/07 | 825 | 400 |
| 3/12/07 | 873 | 400 |
| 3/13/07 | 909 | 400 |
| 3/14/07 | 850 | 400 |
| 3/15/07 | 842 | 400 |

    e. Beginning in or about March 2007, DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS maintained records at DEFENDANT D.C. AIR & SEAFOOD INC., which were not submitted to NOAA, that reflected actual amounts of scallops harvested over the 400 pound limit by DEFENDANTS GEORGE BAMFORD; ROBERT E. HERSEY, JR; DANIEL MAHONEY; and MICHAEL MCKENNA in the ETAA during the 2007 opening period from the F/V Undaunted, F/V Luke & Isabel, F/V Moonraker, and F/V EZ Rider, respectively.

    f. In or about February 2008, DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS held meetings with GEORGE BAMFORD; MICHAEL MCKENNA; CC1; and CC2 to discuss a plan to harvest more than the 400 pound limit from vessels during the 2008 ETAA opening period.

    g. In or about February 2008, DEFENDANTS D.C. AIR & SEAFOOD, INC.; CHRISTOPHER BYERS; GEORGE BAMFORD; MICHAEL MCKENNA; CC1; CC2; and others, constructed hidden compartments in the F/V Atlantic Hostage and F/V Promise Land for the purpose of concealing the harvesting of scallops over the 400 pound limit in the ETAA during the 2008 opening period.

10

h. In connection with the harvesting of scallops on approximately nine occasions from in or about March 1, 2008 to in or about March 13, 2008, in the ETAA from the F/V Undaunted, Fishing Vessel Trip Reports were prepared bearing the name of DEFENDANT GEORGE BAMFORD. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
|---|---|---|
| 3/1/08 | 454 | 400 |
| 3/2/08 | 1207 | 400 |
| 3/3/08 | 1372 | 400 |
| 3/5/08 | 1073 | 400 |
| 3/7/08 | 1841 | 400 |
| 3/8/08 | 1477 | 400 |
| 3/11/08 | 1519 | 400 |
| 3/12/08 | 1682 | 400 |
| 3/13/08 | 1114 | 400 |

i. In connection with the harvesting of scallops on approximately five occasions from in or about March 6, 2008 to in or about March 12, 2008, in the ETAA from the F/V Luke & Isabel, Fishing Vessel Trip Reports were prepared bearing the name of DEFENDANT ROBERT E. HERSEY, JR. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

11

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
|---|---|---|
| 3/6/08 | 888 | 400 |
| 3/7/08 | 855 | 400 |
| 3/8/08 | 730 | 400 |
| 3/11/08 | 757 | 400 |
| 3/12/08 | 924 | 400 |

   j. In connection with the harvesting of scallops on approximately nine occasions from in or about March 2, 2008 to in or about March 13, 2008, in the ETAA from the F/V EZ Rider, Fishing Vessel Trip Reports were prepared bearing the name of DEFENDANT MICHAEL MCKENNA. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Pounds of Scallops Reported |
|---|---|---|
| 3/2/08 | 932 | 400 |
| 3/3/08 | 1147 | 400 |
| 3/5/08 | 926 | 380 |
| 3/7/08 | 1441 | 400 |
| 3/8/08 | 1445 | 400 |
| 3/9/08 | 435 | 400 |
| 3/11/08 | 1004 | 400 |
| 3/12/08 | 1197 | 400 |
| 3/13/08 | 725 | 400 |

   k. In connection with the harvesting of scallops on approximately five occasions from in or about March 5, 2008 to in or about March 13, 2008, in the ETAA from the F/V Atlantic Hostage, Fishing Vessel Trip Reports were prepared bearing the name of CC1. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Scallops Reported |
|---|---|---|
| 3/5/08 | 588 | 400 |
| 3/8/08 | 929 | 400 |
| 3/11/08 | 1397 | 400 |
| 3/12/08 | 949 | 400 |
| 3/13/08 | 658 | 400 |

       l.   In connection with the harvesting of scallops on approximately six occasions from in or about March 3, 2008 to in or about March 12, 2008, in the ETAA from the F/V Promise Land, Fishing Vessel Trip Reports were prepared bearing the name of CC2. These Fishing Vessel Trip Reports each reflect that only the 400 pound limit or less had been harvested on an individual trip when in fact more than the 400 pound limit had been harvested, as follows:

| Date | Approximate Pounds of Scallops Harvested | Scallops Reported |
|---|---|---|
| 3/3/08 | 600 | 400 |
| 3/5/08 | 589 | 380 |
| 3/7/08 | 1107 | 370 |
| 3/8/08 | 1048 | 400 |
| 3/11/08 | 1472 | 400 |
| 3/12/08 | 925 | 400 |

       m.   On or about March 3, 2008, for the purpose of concealing scallops harvested over the 400 pound limit, DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS falsely stated to law enforcement officers that 200 pounds of scallops that had been harvested by the F/V Promise Land over the 400 pound limit belonged to another vessel, the F/V Atlantic Hostage.

       n.   On or about March 13, 2008, for the purpose of concealing scallops harvested over the 400 pound limit, DEFENDANTS D.C. AIR & SEAFOOD, INC., and CHRISTOPHER BYERS

falsely stated to law enforcement officers that no scallops had been harvested over the 400 pound limit.

      o.   On or about March 13, 2008, for the purpose of concealing scallops harvested over the 400 pound limit, DEFENDANT GEORGE BAMFORD falsely stated to law enforcement officers that the F/V Undaunted had harvested only 400 pounds of scallops that day when in fact it had harvested approximately 1114 pounds of scallops.

      p.   On or about March 13, 2008, for the purpose of concealing scallops harvested over the 400 pound limit, DEFENDANT MICHAEL MCKENNA falsely stated to law enforcement officers that scallops observed on the deck of F/V EZ Rider were the only scallops landed by that vessel that day when in fact approximately six additional bags of scallops were secreted on board the vessel.

      q.   On or about March 13, 2008, for the purpose of concealing scallops harvested over the 400 pound limit, CC1 falsely claimed to law enforcement officers that the approximately eight bags of scallops observed on the deck of F/V Atlantic Hostage were the only scallops on board that vessel when in fact approximately four additional bags of scallops were secreted in a hidden compartment on board the vessel.